# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1132

———————

Patricia A. Tenhoff,                    *
                                        *
        Appellant,              *
                                        *
                                        *   Appeal from the United States
    v.                                  *   District Court for the
                                        *   District of Minnesota.
Kenneth S. Apfel, Commissioner of       *
Social Security,                        *   [UNPUBLISHED]
                                        *
        Appellee.               *

———————

Submitted:  December 17, 1998
Filed:  December 22, 1998

———————

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

    Patricia A. Tenhoff appeals from the district court's[1] order granting summary judgment in favor of the Social Security Commissioner, upholding the Commissioner's decision to deny Tenhoff's applications for disability insurance benefits and supplemental security income.  For reversal, Tenhoff argues the administrative law judge (ALJ) who presided over the hearing posed a deficient hypothetical question to

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

the vocational expert, as the hypothetical did not include all of Tenhoff's limitations resulting from her mental impairments. We disagree, and we conclude the ALJ's decision is supported by substantial evidence.

Initially, we observe that the ALJ was entitled to resolve conflicting evidence created by differing opinions of two mental health professionals. See Bentley v. Shalala, 52 F.3d 784, 785-87 (8th Cir. 1995). Next, although the ALJ's hypothetical question did not specifically include that Tenhoff would have difficulty keeping up with her peers with regard to following instructions, maintaining pace, and completing tasks, it did include her marginal literacy, her tendency to be slow in all her actions, and her inability to do work requiring a fast pace or intense concentration. See Roe v. Chater, 92 F.3d 672, 675-77 (8th Cir. 1996) (while hypothetical question must set forth all claimant's impairments, it need not use specific diagnostic or symptomatic terms where other descriptive terms adequately define claimant's impairments; testimony from vocational expert based on properly-phrased hypothetical question constitutes substantial evidence; hypothetical needs to include only those impairments judge finds substantially supported by record as whole).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-